**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEE WATTS, JR.** | § | |
| | § | |
| | § | |
| | § | CIVIL NO. _____ |
| **VS.** | § | **JURY** |
| | | |
| **L-3 COMMUNICATIONS CORPORATION** | § | |
| **and L-3 COMMUNICATIONS AIS GP** | § | |
| **CORPORATION** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 621 *et seq.*, and 28 U.S.C. § 1331. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act The jurisdiction of this Court is invoked to secure protection of and to redress depravation of rights secured by 29 U.S.C. § 621 *et seq.* providing for relief against discrimination on the basis of age in employment.

2. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 in that the Plaintiff is a resident of the district, the Defendant is doing business in this district, and the activities giving rise to the Plaintiff's claim took place in this district.

3. The company has continuously and does now employee more than twenty (20) persons.

4. Since at least January 1, 1999, the company has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701 (b)(g)(h) of Title VII, 42 U.S.C. Section 2000e (b)(g)(h).

5. Within 300 days of the occurrence of the acts of which Plaintiff complains, a charge of employment discrimination was filed on May 9th, 2011 with the Equal Employment Opportunity Commission (EEOC) by Plaintiff against the company.

6. On October 15, 2011, Plaintiff received a "Notice of Right to Suit" from the EEOC regarding this charge of discrimination EEOC # 450-2011-02964C and a civil action is now instituted in the appropriate Federal District Court within ninety (90) days of the date of receipt of said notice.

## PARTIES

7. Plaintiff, Michael Lee Watts, JR., is an individual residing in Sulphur Springs, Texas.

8. Defendant,. L-3 Communications Corporation ("L-3") has continuously been and is now a foreign corporation doing business in the Eastern District of Texas. This Defendant may be served through its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

9. Defendant, L-3 Communications AIS GP Corporation ("L-3 AIS GP") has continuously been and is now a foreign corporation doing business in the Eastern District of Texas. This Defendant may be served through its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234

## FIRST CLAIM FOR RELIEF
## ADEA - 29 U.S.C. § 621 *et seq*.

10. On or about July 21st, 2010, Plaintiff was counseled by Tammy McAree, Shae Green, Melissa Porter, and William (Bill) Thompson regarding his "autotime" and the time(s) spent in his work area. Plaintiff explained to the group, that his spread sheets would provide the details on the number of hours which entered into their "autotime" system. Plaintiff also explained that his job duties required him to be all over the facility, all day, every day and that there were not always badge scan readers in all of the areas where he performed work. Shae Green suspended Plaintiff pending a complete investigation.

11. Shae Green re-contacted Plaintiff and scheduled a second meeting for July 27th, 2010 in the HR Department. Plaintiff was met by Shae Green, Melissa Porter and Bill Thompson. Bill Thompson pitched a picture across the table, told Plaintiff that it was from the first week of April

and that it showed him walking into the facility at 8:45 a.m. and that Plaintiff had put 7:00 am on his spreadsheet. He then asked Plaintiff to account for the hour and 45 minutes between those time periods. Plaintiff explained that he could not immediately explain why he was at the location depicted in the picture but that he did not arrive for work that day at 8:45 a.m. Immediately, Bill showed Plaintiff another picture and told him that there was a six minute difference in the picture and the spread sheet. Bill Thompson said that he "had no other option but to terminate me."

12. Plaintiff had been gainfully employed by L-3 AIS GP and\or L-3 since approximately 1986. At all relevant times prior to the July 27th, 2010 termination, Plaintiff was never officially written up and/or formally involved in any type of disciplinary action and/or procedures related to his employment with L-3 AIS GP and\or L-3. Likewise, Plaintiff's integrity, credibility and\or work ethic were never questioned by L-3 AIS GP and\or L-3. Plaintiff contends that the reason given for his termination was false and was a pretext for age discrimination. During the two year time frame before Plaintiff's termination, there were at least two other male employees over the age of forty years, who were also terminated. Plaintiff contends that age played a significant role in his termination and that the acts, actions and/or inactions described above.

13. Plaintiff was born on April 26th, 1957 and was 52 years old at the time of his termination.

14. Plaintiff is informed and believes and therefore alleges that Defendants replaced him in the position, which he formerly held with Defendants with a younger employee.

15. The termination of Plaintiff by Defendants was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

16. At all times relevant hereto, Defendants enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by <u>inter alia</u>:

(a) Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

(b) Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

17. The termination of Plaintiff's employment by Defendants constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover double damages.

## DAMAGES

18. At the time of her discharge, Plaintiff earned approximately $54,426.00 (before bonuses) per year, and received benefits from Defendants consisting of a profit sharing plan and 401k plan.

19. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life as a direct result of Defendants' discriminatory employment practices described above.

20. Plaintiff would show that Defendants intentionally violated the ADEA and is therefore liable to Plaintiff for liquidated damages.

21. Defendants intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his age. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendants' discharge of Plaintiff.

22. Plaintiff's harm was a result of the Defendants' actual malice or reckless indifference to Plaintiff's state-protected rights, thus Plaintiff seeks exemplary damages.

23. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

24. Plaintiff demands a trial by jury with respect to all issues triable as of right by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be entered against Defendants and in favor of Plaintiff:

(a) Requiring that Defendants pay over to Plaintiff the damages suffered by Plaintiff by reason of Defendants' illegal acts and practices, including adjusted back pay and

        front pay, with interest, and additional amount as liquidated damages;

(b)    Requiring Defendants pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

(c)    Requiring Defendants to pay Plaintiff in the nature of double or punitive damages as a result of Defendants' willful discrimination against Plaintiff;

(d)    Requiring that Defendants pay to Plaintiff his attorney's fees and costs and disbursements incurred in the prosecution of this suit; and such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

__/s/_____

**William S. Hommel, Jr.**
**Texas State Bar No. 09934250**
**WILLIAM S. HOMMEL, JR., P.C.**
**1347 Dominion Plaza**
**Tyler, Texas 75703**
**903-596-7100**
**469-533-1618 Facsimile**


**Charles D. Cowan**
**Texas State Bar No. 04511150**
**The Law Offices Of C.D. Cowan, P.C.**
**414 South Bonner Ave.**
**Tyler, Texas 75702**
**903-597-5500**
**903-597-5598 Facsimile**

ATTORNEYS FOR PLAINTIFF